FILED
CLERK
3/3/2016 3:23 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THOMAS PAULAY,

               Plaintiff,                               14-CV-5613 (SJF)(AYS)

   -against-

                                                **OPINION & ORDER**

JOHN T. MATHER MEMORIAL HOSPITAL,

               Defendant.
---------------------------------------------------------------X
FEUERSTEIN, J.

      On September 24, 2014, plaintiff Thomas Paulay ("plaintiff") commenced this action against defendant John T. Mather Memorial Hospital ("defendant"), alleging that defendant discriminated against him because of his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq*. During a status conference on June 10, 2015, I ordered that the trial of this matter will be bifurcated ("the Bifurcation Order"). (Docket Entry ["DE"] 13). Plaintiff now seeks reconsideration of the Bifurcation Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[1] and Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3"). For the reasons set forth below, plaintiff's motion is granted but, upon reconsideration, I adhere to my original determination.

---

[1] Although plaintiff cites to Rule 59(e) of the Federal Rules of Civil Procedure, that rule is only applicable to final judgments. Accordingly, the Court construes plaintiff's motion to be made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

1

I.  DISCUSSION

   A.  Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

As plaintiff is seeking reconsideration of the Bifurcation Order on the basis of a "need to correct a clear error or prevent manifest injustice," his motion for reconsideration is granted.

B.  Bifurcation

"Decisions to bifurcate trials[] . . . are authorized by Federal Rule of Civil Procedure 42(b) and are typically well within the discretion of district courts." In re September 11 Litig., 802 F.3d 314, 339 (2d Cir. 2015); see also Katsaros v. Cody, 744 F.2d 270, 278 (2d Cir. 1984) ("The decision to bifurcate a trial into liability and damages phases . . . is firmly within the discretion of the trial court under Fed. R. Civ. P. 42(b)." (quotations and citation omitted)). "Rule 42(b) of the Federal Rules of Civil Procedure affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency." Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999); see also Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir. 1996) ("The interests served by bifurcated trials are convenience, negation of prejudice, and judicial efficiency.") "Bifurcation requires the presence of only one of these conditions." Crown Cork & Seal Co., Inc. Master Ret. Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 335, 337 (S.D.N.Y. 2013) (quotations, brackets and citation omitted); accord Daniels v. Loizzo, 178 F.R.D. 46, 47 (S.D.N.Y. 1998). "Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue[.]" Amato, 170 F.3d at 316; see also Vichare, 106 F.3d at 466 (holding that bifurcation may be appropriate, *inter alia*, "where litigation of one issue may obviate the need to try another issue[.]")

Plaintiff seeks damages for the "physical pain" and "severe emotional distress" he allegedly suffered as a result of defendant's challenged conduct. (See Compl., ¶¶ 29, 37). Since, *inter alia*, evidence of the nature and extent of plaintiff's physical pain and emotional distress will be unnecessary if the jury finds no liability against defendant, bifurcation will further the goal of

efficiency. See, e.g. Amato, 170 F.3d at 316. Moreover, contrary to plaintiff's contention, the evidence on liability and damages is not so intertwined as to render bifurcation inappropriate. Cf. Llerando-Phipps v. City of New York, 390 F. Supp. 2d 372, 380 (S.D.N.Y. 2005).

Plaintiff's citation to cases in which bifurcation was not ordered "is entirely unpersuasive[] [because,] [b]y its very nature, discretion yields differing outcomes." Amato, 170 F.3d at 316; see also Johnson v. Celotex Corp., 899 F.2d 1281, 1289 (2d Cir. 1990) ("The fact that a previous case tried by the same judge was bifurcated has no bearing on the instant case[,]" in which bifurcation was denied). In other words, the fact that another court may have denied bifurcation under similar circumstances by no means indicates that it was error to order bifurcation of the trial in this case. Accordingly, upon reconsideration, I adhere to my original determination to bifurcate the trial of this action.

II.  Conclusion

For the reasons set forth herein, plaintiff's motion for reconsideration of the Bifurcation Order is granted but, upon reconsideration, I adhere to my original determination.

SO ORDERED.

                                                    /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: March 3, 2016
       Central Islip, N.Y.