UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS PAULAY,

        Plaintiff,

        -against-

JOHN T. MATHER MEMORIAL HOSPITAL,

        Defendant.
-----------------------------------------------------------X

**ORDER**
14-CV-5613 (SJF)(AYS)

FEUERSTEIN, District Judge:

        Pending before the Court is the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated March 14, 2016 ("the Report") (a) recommending that the motion of plaintiff Thomas Paulay ("plaintiff") seeking leave to amend the complaint to add his former wife, Susanna Paulay, as a plaintiff be denied; and (b) advising the parties, *inter alia*, (i) that "[a]ny written objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of service . . . [,]" (Report at 13), and (ii) that a "[f]ailure to file objections within fourteen (14) days will preclude further review of th[e] [R]eport . . . either by the District Court or Court of Appeals[,]" (id.) (emphasis omitted) (citing Thomas v. Arn, 474 U.S. 140, 145 (1985); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008)). A copy of the Report was served upon counsel for both parties via ECF on March 14, 2016, (see Docket Entry ["DE"] 28), and plaintiff's counsel served a copy of the Report upon defendant's counsel via regular mail on March 15, 2016. (DE 29). Neither party has filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Shields's Report is accepted in its entirety.

I.  DISCUSSION

   A.  Standard of Review

Although generally, motions for leave to amend are considered to be nondispositive and subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure, see Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[a]s a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"), where, as here, a magistrate judge's decision on a motion to amend effectively dismisses or precludes a claim, the motion to amend is rendered dispositive. See, e.g. Jean-Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012). Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); accord Small v. Secretary of Health and Human Svcs., 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." Frank, 968 F.2d at 16; see also Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015); Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a

violation thereof "in the interests of justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

B    Review of Report

Since neither party has filed any objections to Magistrate Judge Shields's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion to amend the complaint is denied.

II.    CONCLUSION

For the reasons set forth herein, Magistrate Judge Shields's Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion to amend the complaint is denied.

SO ORDERED.

                                    /s/
                        SANDRA J. FEUERSTEIN
                        United States District Judge

Dated: April 12, 2016
       Central Islip, New York